**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TRUMAN GROSS                                                                          PLAINTIFF
ADC #135755


v.                                          5:18cv00119-BSM-JJV


WENDY KELLY, Director,
Arkansas Department of Correction; *et al.*                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in

the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an

additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Plaintiff, Truman Gross, ("Plaintiff") is a prisoner in the Varner Super Max unit of

the Arkansas Department of Correction ("ADC").   He has filed a Complaint and a

Memorandum of Law, pursuant to 42 U.S.C. § 1983, alleging twelve ADC officials

violated his constitutional rights in various ways, by preventing him from contacting

county, state, and federal criminal investigators.[1]  (Doc. Nos. 1 & 2.)   For the following

reasons, I recommend the Complaint be dismissed without prejudice for failing to state a

---

[1] On June 4, 2018, Plaintiff filed a Report of Cruel and Unusual Treatment and Retaliation, alleging that *after* he commenced this lawsuit, unnamed prison officials retaliated against him by: (1) denying him free hygiene products and writing materials; and (2) using speakers hidden in pipes to "eavesdrop on" and "torment" inmates. (Doc. No. 13 at 2.) These allegations are factually and legally unrelated to the claims raised in his Complaint, and thus, should not be joined in this action. *See* Fed. R. Civ. P. 20.

claim upon which relief may be granted.

## II.   SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's

liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.   ANALYSIS

### A.   Access to the Courts Claim

Plaintiff alleges Defendants Warden Shipman, Warden Byers, and several other prison workers infringed his constitutional right to access the courts by not mailing several letters to county, state, and federal criminal authorities.[2] (Doc. No. 1.) In these letters, Plaintiff seeks interviews so that he can confess his involvement in four unsolved murders.

---

[2] Plaintiff characterizes these letters as "legal mail." (Doc. No. 1 at 6, 8, 13.) However, "legal mail" is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Beaulieu v. Ludeman,* 690 F.3d 1017, 1037 (8th Cir. 2012); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Plaintiff's letters do not fall under that definition.

(*Id.*)

The First Amendment encompasses prisoners' rights to access to the *courts,* so that they can challenge their *convictions, sentences, or conditions of confinement.  Lewis v. Casey*, 518 U.S. 343, 355 (1996).  Plaintiff is not being denied access to the courts, as evidenced by his filing the current lawsuit.  Instead, Plaintiff alleges Defendants are denying him access to criminal investigators so he can discuss with them matters other than his conviction, sentence, or conditions of confinement.  Furthermore, a prisoner seeking relief under § 1983 must satisfy basic constitutional standing requirements.  *Johnson v. State of Mo.*, 142 F.3d 1087, 1088 (8th Cir. 1998); *Smith v. Ark. Dep't. of Corr.,* 103 F.3d 637, 643 (8th Cir. 1996).  To establish standing, a prisoner must demonstrate he personally suffered an injury-in-fact that is fairly traceable to the defendant's conduct.  *Roubideaux v. N.D. Dep't of Corr. & Rehab.,* 570 F.3d 966, 972 (8th Cir. 2009); *Johnson*, 142 F.3d at 1088.  In the Complaint, Plaintiff admits that, on February 1, 2018, an FBI agent and a state police officer interviewed him at the prison about his alleged involvement in the unsolved murders.  (Doc. No. 1 at 7.)  Thus, it is clear from the Complaint that Plaintiff has not suffered an injury-in-fact.  For both of these reasons, I conclude Plaintiff has not pled a plausible access to the courts claim.

## B.    Due Process Claim

Plaintiff alleges Defendants Warden Shipman, Warden Gibson, ADC Director Kelly, and ADC Deputy Director Payne violated his due process rights by refusing to give him the names of the FBI agent and state police officer who interviewed him on February 1, 2018.  (Doc. No. 1).  However, later in the Complaint, Plaintiff admits Warden Shipman

5

provided him with the names of both individuals in a March 2, 2018, inter-office communication. (*Id*. at 7.) Nevertheless, Plaintiff contends the February 1, 2018, interview was "staged" by Defendants "to gain information they had no right to have, and gain any reward from said interview." (Doc. No. 1 at 7, No. 2 at 1.)

"To invoke the protection of the Due Process Clause at all - whether under a theory of substantive or procedural due process - a party must first identify a deprivation of life, liberty, or property." *Obergefell v. Hodges*, 135 S. Ct. 2584, 2632 (2015) (internal quotation marks omitted); *see also Does v. Gillespie,* 867 F.3d 1034, 1048 (8th Cir. 2017). Plaintiff did not have a constitutionally-protected property, life, or liberty interest in being interviewed by criminal investigators.  Nor has he provided any facts supporting his conclusory and implausible allegation that Defendants "staged" the February 1, 2018, interview for their own personal gain.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").  Accordingly, his due process claim should be dismissed without prejudice.

## C.    Equal Protection Claim

Plaintiff makes the conclusory allegation that Defendants are violating his equal protection rights by "staging" the February 1, 2018, interview and refusing to mail his letters. (Doc. No. 2 at 3.)  To state a plausible equal protection claim, a prisoner must plead facts suggesting prison officials intentionally treated him or her differently from similarly situated prisoners. *Nolan v. Thompson*, 521 F.3d 983, 990 (8th Cir. 2008); *see also Habhab*

*v. Hon*, 536 F.3d 963, 967 (8th Cir. 2008) (explaining state officials may "treat dissimilarly situated people dissimilarly without running afoul of the protections afforded" by the equal protection clause). Plaintiff has not provided any facts suggesting Defendants intentionally treated him differently from similarly situated prisoners, who wished to contact state and federal criminal investigators about unsolved crimes. Thus, I conclude he has not pled a plausible equal protection claim.

### D.    Retaliation Claim

On April 11, 2018, Plaintiff wrote a letter to ADC Director Kelly, accusing her of "covering up four murders" and being a "trader [sic] to the American people." (Doc. No. 1 at 9.) This later resulted in Plaintiff being found guilty, by an unnamed disciplinary hearing officer, of being insolent to staff and engaging in the unauthorized use of the mail. (*Id.* at 9-10.) Importantly, these violations were based on a disciplinary charge written by Defendant Major Brandon Carroll, and not Director Kelly. (*Id.*) In fact, it is unclear whether Director Kelly ever received Plaintiff's April 11, 2018, letter. Nevertheless, Plaintiff asserts he has "been retaliated against for trying to do the right thing." (*Id.* at 10.)

Prison officials cannot use disciplinary proceedings to retaliate against inmates for exercising their constitutional rights. *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014); *Hartsfield v. Nicholas*, 511 F.3d 826, 829 (8th Cir. 2009). However, a retaliatory discipline claim fails if there is "some evidence the inmate actually committed a rule violation." *Sanders*, 773 F.3d at 190; *Hartsfield*, 511 F.3d at 829. Importantly, the Eighth Circuit has clarified that a "report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a

7

prison disciplinary violation, if the violation is found by an impartial decision maker." *Id.*

In other words, a disciplinary decision made by an impartial decision maker and supported

by some evidence "essentially checkmates" a retaliation claim. *Henderson v. Baird*, 29

F.3d 464, 469 (8th Cir. 1994). Plaintiff has not pled any facts suggesting the disciplinary

hearing officer was biased or had a motive to retaliate against him. *See also Johnson v.*

*Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (holding a prisoner must demonstrate that

"retaliation was the actual motivating factor" for the adverse action). Thus, I conclude he

has failed to plead a plausible retaliation claim.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      This case be DISMISSED without prejudice for failing to state a claim upon

which relief may be granted.

2.      Dismissal of this action be counted as a "strike" for purposes of 28 U.S.C.

§ 1915(g).[3]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

*pauperis* appeal from an Order adopting this recommendation and the accompanying

Judgment would not be taken in good faith.

---

[3] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

DATED this 7th day of June, 2018.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE